# EXHIBIT "A"

*Eugene S. Wishnic, Esquire - 040411992*
**WISHNIC & JERUSHALMY**
146 Livingston Avenue
New Brunswick, New Jersey 08901
Telephone (732) 448-1700
Facsimile (732) 448-1624
Attorneys for Plaintiffs

|  |  |
|---|---|
| **SANTIAGO FRANCISCO and EUFEMIA GOMEZ,** <br><br> Plaintiffs, <br><br> v. <br><br> **S&H EXPRESS, TRAVIS BELCHER, JOHN DOE(S) 1-10 (fictitious names, true names unknown), JANE DOE(S) 1-10 (fictitious names, true names unknown), and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown),** <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MIDDLESEX COUNTY <br><br> Docket No.: MID-L- <br><br> *Civil Action* <br><br> **COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS, AND DEMAND FOR ANSWERS TO FORM C and C(1) INTERROGATORIES** |

Plaintiffs, SANTIAGO FRANCISCO, residing at 284 Commercial Avenue, City of New Brunswick, County of Middlesex, State of New Jersey and EUFEMIA GOMEZ, residing at 78 Loretto Street, City of New Brunswick, County of Middlesex, State of New Jersey, by way of Complaint against the Defendants, say:

### FIRST COUNT

1. At all times hereinafter mentioned, Route 130 at or about its intersection with Apple Orchard Lane, is a public road within the Township of North Brunswick, County of Middlesex, and State of New Jersey.

2. On or about June 23, 2017 the Plaintiff, SANTIAGO FRANCISCO, was the owner and operator of a motor vehicle that was traveling southbound on Route 130, at or about its intersection with Apple Orchard Lane, in North Brunswick, New Jersey.

3. At the same time and place, a motor vehicle owned by Defendant S&H EXPRESS and/or Defendant TRAVIS BELCHER and operated by Defendant TRAVIS BELCHER was also traveling southbound on Route 130, at or about its intersection with Apple Orchard Lane, in North Brunswick, New Jersey, and directly behind the vehicle owned and operated by Plaintiff SANTIAGO FRANCISCO. The Defendants were negligent and careless in the ownership, operation, maintenance and control of their vehicle, struck the vehicle that was owned and operated by Plaintiff SANTIAGO FRANCISCO directly in the rear, and caused the Plaintiff SANTIAGO FRANCISCO to sustain multiple, severe and permanent injuries.

4. As a direct and proximate result of the negligence of Defendant TRAVIS BELCHER and/or Defendant S&H EXPRESS, Plaintiff SANTIAGO FRANCISCO was caused to sustain severe injuries; was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; was caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and was caused to suffer permanent injuries.

WHEREFORE, Plaintiff, SANTIAGO FRANCISCO, demands Judgment on this Count of the Complaint against Defendant S&H EXPRESS and/or Defendant TRAVIS BELCHER, for damages, interest, counsel fees, costs of suit, and such other relief as the Court may deem just and equitable.

## *SECOND COUNT*

1. Plaintiffs repeat all allegations of the First Count as if set forth herein at length and makes same a part hereof.

2. On or about June 23, 2017, Plaintiff EUFEMIA GOMEZ was a passenger in the motor vehicle that was owned and operated by Plaintiff SANTIAGO FRANCISCO, that was traveling southbound on Route 130, at or about its intersection with Apple Orchard Lane, in North Brunswick, New Jersey.

3. At the same time and place, a motor vehicle owned by Defendant S&H EXPRESS and/or Defendant TRAVIS BELCHER and operated by Defendant TRAVIS BELCHER was also traveling southbound on Route 130, at or about its intersection with Apple Orchard Lane, in North Brunswick, New Jersey, and directly behind the vehicle in which Plaintiff EUFEMIA GOMEZ was a passenger. The Defendants were negligent and careless in the

ownership, operation, maintenance and control of their vehicle, struck the vehicle in which Plaintiff EUFEMIA GOMEZ was a passenger directly in the rear, and caused the Plaintiff EUFEMIA GOMEZ to sustain multiple, severe and permanent injuries.

4. As a direct and proximate result of the negligence of Defendant S&H EXPRESS and/or Defendant TRAVIS BELCHER, Plaintiff EUFEMIA GOMEZ was caused to sustain severe injuries; was caused to suffer great pain and anguish, and will in the future be caused to suffer great pain and anguish; was caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and was caused to suffer permanent injuries.

WHEREFORE, Plaintiff, EUFEMIA GOMEZ, demands Judgment on this Count of the Complaint against Defendant S&H EXPRESS and/or Defendant TRAVIS BELCHER, individually, jointly, severally, or in the alternative, for such damages, interest, counsel fees, costs of suit, and such other relief as the Court may deem just and equitable.

### *THIRD COUNT*

1. Plaintiffs repeat all allegations of the First and Second Counts as if set forth herein at length and makes same a part hereof.

2. Defendants, JOHN DOE(S) 1-10 (fictitious names, true names unknown), JANE DOE(S) 1-10 (fictitious names, true names unknown), and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown), being individuals or entities who were responsible for the ownership, operation, maintenance, control, supervision, and/or repair of the subject vehicle, and as such were negligent in the manner in which the said vehicle was owned, operated, maintained, controlled, supervised and/or repaired.

3. As a direct and proximate result of the negligence of the Defendants, JOHN DOE(S) 1-10 (fictitious names, true names unknown), JANE DOE(S) 1-10 (fictitious names, true names unknown), and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown), the Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, were caused to sustain severe injuries; were caused to suffer great pain and anguish, and will in the future be caused to suffer great pain and anguish; were caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and were caused to suffer permanent injuries.

WHEREFORE, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demand Judgment on this Count of the Complaint against Defendants, JOHN DOE(S) 1-10 (fictitious names, true names unknown), JANE DOE(S) 1-10 (fictitious names, true names unknown),

and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown), individually, jointly, severally, or in the alternative, for damages, interest, counsel fees, costs of suit, and such other relief as the Court may deem just and equitable.

### JURY DEMAND

PLEASE TAKE NOTICE that pursuant to R. 4:35-1, the Plaintiffs demand a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, Eugene S. Wishnic, Esquire, is hereby designated as trial counsel for the Plaintiffs in the above-captioned litigation.

### DEMAND FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE that Plaintiffs demand Answers to Form "C" and "C-1" Interrogatories, from the Defendants under oath within the time prescribed by the Rules of this Court.

### NOTICE TO PRODUCE

Pursuant to R. 4:18-1, the Plaintiffs hereby demand that each Defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally please be advised that the following requests are ongoing and continuing in nature and each Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance affording coverage to the Defendant, including but not limited to primary insurance policies, secondary insurance policies and/or umbrella policies. As to each available policy, please provide the following information: (a) policy number; (b) name and address of issuer or insurer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation, records or reports, concerning the happening of the incident in question or the investigation of same, including but not limited to police reports, accident reports and/or incident reports.

3. Color duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions, or accounts concerning

the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all statements, documents, communications and/or transmissions, whether signed or unsigned, in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority, or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all reports on the Plaintiff received by the Defendants, or any other party to this suit, from either the Central Index Bureau (CIB) or from any other source.

8. Copies of any and all medical information and/or documentation concerning the Plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

9. Copies of any and all records of any type concerning the Plaintiff or the incident in question which have been subpoenaed by the Defendant or received from any other source.

10. Copies of cellular phone bills or any and all phones to which Defendant had access to on the date of the subject accident.

11. Copy of the entire property damage file maintained by each Defendant, their insurance companies and their respective counsel including but not limited to photos and repair estimates for all vehicles involved in the subject accident.

12. Names and current addresses of the individual(s) who last inspected the Defendant's vehicle prior to the subject collision, whether by a governmental authority or by an agent, servant, and/or employee of this Defendant (e.g. daily inspections prior to operation).

13. Names and current addresses of all occupants to this Defendant's vehicle at the time of the subject collision.

14. If this Defendant contends that the Plaintiff's injuries were caused by another incident or some other physical condition, disease or injury, set forth the nature of same and attach a copy of all written documents which are in the possession of the Defendant relating thereto.

15. If this Defendant intends to produce the testimony of any expert witnesses at Trial, including the treating physicians or persons who have conducted an examination pursuant to R. 4:19, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided to this Defendant by such witnesses and a summary of any oral reports.

16. If applicable, list any and all telephone numbers imprinted on the Defendant's vehicles which ask other drivers on the road to call regarding the manner in which Defendant's vehicle was being operated. Please provide copies of any logs that track the calls together with the callers' names and addresses, dates on which the calls were received, and the specific complaint/comment and specific driver to which each such call pertains.

## CERTIFICATION

I hereby certify that this matter is not the subject matter or any other suit presently pending in any other Court or in any American Arbitration proceeding.

**WISHNIC & JERUSHALMY**

BY: _____
EUGENE S. WISHNIC

DATED: February 21, 2019