# EXHIBIT "C"

Eugene S. Wishnic, Esquire - 040411992
**WISHNIC & JERUSHALMY**
146 Livingston Avenue
New Brunswick, New Jersey 08901
Telephone (732) 448-1700
Facsimile (732) 448-1624
Attorneys for Plaintiff

|  |  |
|---|---|
| **SANTIAGO FRANCISO, EUFEMIA GOMEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**S&H EXPRESS, TRAVIS BELCHER JOHN DOE(S) 1-10 (fictitious names, true names true names unknown), JANE DOE(S) 1-10 (fictitious names, true names unknown), ABC CORPORATION(S) 1-10 (fictitious names, true names unknown)**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX<br><br>Docket No.: MID-L-1724-19<br><br>*Civil Action*<br><br>**FIRST AMENDED COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS, AND DEMAND TO FORM C AND C(1) INTERROGATORIES** |

Plaintiff, SANTIAGO FRANCISCO, residing at 284 Commercial Avenue, City of New Brunswick, County of Middlesex, and State of New Jersey, and Plaintiff, EUFEMIA GOMEZ, residing at 78 Loretto Street, City of New Brunswick, County of Middlesex, State of New Jersey, by way of Complaint against the Defendants, say:

### GENERAL ALLEGATIONS AND JURISDICTION

1. At all times relevant herein, Plaintiff, SANTIAGO FRANCISCO, resided and continues to reside at 284 Commercial Avenue, City of New Brunswick, County of Middlesex, and State of New Jersey.

2. At all times relevant herein, Plaintiff, EUFEMIAGOMEZ, resided and continues to reside at 78 Loretto Street, City of New Brunswick, County of Middlesex, and State of New Jersey.

3. At all times relevant herein, Defendant, TRAVIS BELCHER, resided and continues to reside at 43 Gable Drive, Myerstown, State of Pennsylvania.

4. At all times relevant herein, Defendant, S&H EXPRESS, was a motor carrier involved in interstate commerce, as defined by the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and/or motor carrier involved in intrastate commerce, as defined by N.J.A.C. 13:60-1.1, et seq., with a principle place of business at 43 Gable Drive, Myerstown, State of Pennsylvania.

4. At all times relevant herein, Defendant, TRAVIS BELCHER, was operating within his scope as an employee, servant or agent of Defendant, S&H EXPRESS.

5. On or about June 23, 2017, Plaintiff, SANTIAGO FRANCISCO, was the owner operator of a motor vehicle that was traveling southbound on Route 130, at or about its intersection with Apple Orchard Lane, in North Brunswick, New Jersey.

6. On or about June 23, 2017, Plaintiff, EUFEMIA GOMEZ, was a passenger in the motor vehicle that was owned and operated by Plaintiff, SANTIAGO FRANCISCO, that was traveling southbound on Route 130, at or about its intersection with Apple Orchard Lane, in North Brunswick, New Jersey.

7. At the same time and place, Defendant, TRAVIS BELCHER, was operating a commercial motor vehicle owned by Defendant, S&H EXPRESS, traveling southbound on Route 130 at or near its intersection with Apple Orchard Lane, in North Brunswick, New Jersey, and directly behind the vehicle owned and operated by Plaintiff, SANTIAGO FRANCISCO, and occupied by Plaintiff, EUFEMIA GOMEZ. The Defendants were negligent and careless in the ownership, operation, maintenance and control of their vehicle, struck the vehicle that was owned and operated by Plaintiff, SANTIAGO FRANCISCO, and occupied by Plaintiff, EUFEMIA GOMEZ, directly in the rear, and caused Plaintiffs to sustain severe and permanent injuries.

## FIRST COUNT
### (Negligence of Defendant, TRAVIS BELCHER)

8. Plaintiffs repeat the General Allegations as if set forth herein.

9. Defendant, TRAVIS BELCHER, was negligent in the operation of his motor vehicle in that he failed to make proper observations, take proper precautions and was otherwise inattentive, careless and negligent.

10. As a result of the negligence of the Defendant aforesaid, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, have suffered severe and permanent bodily injuries for which they have obtained medical treatment and which have caused them great pain and suffering,

incapacitated them from pursuing usual activities and left them with permanent disabilities that will in the future similarly incapacitate them, cause them pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISO and EUFEMIA GOMEZ, demand a judgment against Defendant, TRAVIS BELCHER, herein for damages in an amount sufficient to compensate them for their injuries together with interest and costs of suit and other remedies.

## SECOND COUNT

**(Statutory Violations of Defendant, TRAVIS BELCHER)**

11. Plaintiffs repeat the allegations of the General Allegations and First Count as if set forth herein.

12. Defendant, TRAVIS BELCHER, operation of the commercial motor vehicle in interstate commerce and/or intrastate commerce is governed by N.J.A.C. 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399.

13. Defendant, TRAVIS BELCHER, violated state and federal statutes and regulations, including but not limited to N.J.A.C. 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399.

14. Defendant, TRAVIS BELCHER, is negligent *per se* based on these statutory and regulatory violations.

15. As a direct and proximate result of Defendant, TRAVIS BELCHER, statutory violations, Plaintiffs, SANTIAGO FRANCISO and EUFEMIA GOMEZ, have suffered severe and permanent bodily injuries for which they have obtained medical treatment and which have caused them great pain and suffering, incapacitated them from pursuing usual activities and left them with permanent disabilities that will in the future similarly incapacitate them, cause them pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demand judgment against Defendant, TRAVIS BELCHER, herein for damages in an amount sufficient to compensate them for their injuries together with interest and costs of suit and other remedies.

## THIRD COUNT

**(Punitive Damages against Defendant, TRAVIS BELCHER)**

16. Plaintiffs repeat the allegations of the General Allegations, First and Second Count as if set forth herein.

17. The acts and omissions aforesaid by Defendant, TRAVIS BELCHER, constitute a wanton and willful disregard of the safety of members of the general public or about the public roadways.

18. Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, were persons who would foreseeably be harmed by such acts and omissions.

19. Plaintiffs, SANTIAGO FRANCISO and EUFEMIA GOMEZ, seek damages pursuant to N.J.S.A. 2A:15-5.9, Punitive Damages Act.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demand judgment against Defendant, TRAVIS BELCHER, herein for punitive damages, together with interest and costs of suit and other remedies.

### FOURTH COUNT
### (Vicarious Liability of Defendant, S&H EXPRESS)

20. Plaintiffs repeat the allegations of the General Allegations, First, Second and Third Count as if set forth herein.

21. Defendant, S&H EXPRESS, is vicariously liable for the negligent acts and omissions of Defendant, TRAVIS BELCHER, aforesaid.

22. As a result of the negligence of the Defendant aforesaid, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, have suffered severe and permanent bodily injuries for which they have obtained medical treatment and which have caused them great pain and suffering, incapacitated them from pursuing usual activities and left them with permanent disabilities that will in the future similarly incapacitate them, cause them pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demand judgment against Defendant, S&H EXPRESS, herein for damages in an amount sufficient to compensate them for their injuries together with interest and costs of suit and other remedies.

### FIFTH COUNT
### (Negligence of Defendant, S&H EXPRESS)

23. Plaintiff repeats the allegations of the General Allegations, First, Second, Third and Fourth Count as if set forth herein.

24. Defendant, S&H EXPRESS, had a duty to act reasonably in hiring, training, supervising and retaining Defendant, TRAVIS BELCHER, and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

25. Defendant, TRAVIS BELCHER, was not competent to safely operate commercial motor vehicles at the beginning and throughout the course of his employment by Defendant, S&H EXPRESS.

26. Defendant, S&H EXPRESS, negligently hired, failed to train and supervise, and negligently retained Defendant, TRAVIS BELCHER, as a commercial motor vehicle operator and was otherwise negligent by entrusting Defendant, TRAVIS BELCHER, with the operation of commercial motor vehicles under its operating authority.

27. As a result of the negligence of the Defendant aforesaid, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, suffered severe and permanent bodily injuries for which they have obtained medical treatment and which have caused them great pain and suffering, incapacitated them from pursuing usual activities and left them with permanent disabilities that will in the future similarly incapacitate them, cause them pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiffs, FRANCISCO SANTIAGO and EUFEMIA GOMEZ, demand judgment against Defendant, S&H EXPRESS, herein for damages in an amount sufficient to compensate them for their injuries together with interest and costs of suit and other remedies.

## SIXTH COUNT
### (Statutory Violations of Defendant, S&H EXPRESS)

28. Plaintiffs repeat the allegations of the General Allegations, First, Second, Third, Fourth and Fifth Count as if set forth herein.

29. Pursuant to the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and specifically FMCSR §390.3(e)(1), Defendant, S&H XPRESS, was required to be knowledgeable of and comply with all regulations applicable to its operations.

30. Pursuant to the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and specifically FMCSR §390.3(e)(2), Defendant, S&H EXPRESS, was required to instruct Defendant, TRAVIS BELCHER, regarding all applicable regulations.

31. Pursuant to the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and specifically FMCSR §390.13, Defendant, S&H EXPRESS, was prohibited from aiding, abetting, encouraging or requiring Defendant, TRAVIS BELCHER, to violate the applicable regulations.

32. Defendant, S&H EXPRESS, violated and encouraged Defendant, TRAVIS BELCHER, to violate state and federal statutes and regulations and fostered an environment that created, allowed and encouraged a systematic violation of state and federal statutes and regulations, including, but not limited to the Federal Motor Carrier Safety Act.

33. As a direct and proximate result of Defendant, S&H EXPRESS, violations, Plaintiffs, SANTIAGO FRANCISO and EUFEMIA GOMEZ, have suffered severe and permanent bodily injuries for which they have obtained medical treatment and which have caused them great pain and suffering, incapacitated them from pursuing usual activities and left them with permanent disabilities that will in the future similarly incapacitate them, cause them pain and suffering, and require medical attention.

34. Defendant, S&H EXPRESS, is negligent *per se* based on these statutory and regulatory violations.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demand judgment against Defendant, S&H EXPRESS, herein for damages in an amount sufficient to compensate them for their injuries together with interest and costs of suit and other remedies.

### SEVENTH COUNT
**(Punitive Damages against Defendant, S&H EXPRESS)**

35. Plaintiff repeats the allegations of the General Allegations, First, Second, Third, Fourth, Fifth and Sixth Count as if set forth herein.

36. The acts and omissions aforesaid by Defendant, S&H EXPRESS, constitute a wanton and willful disregard of the safety of members of the general public on and about the public roadways.

37. Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, were persons who would foreseeably be harmed by actions and admissions.

38. Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, seek damages pursuant to N.J.S.A. 2A:15-5.9, Punitive Damages Act.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demands judgment against Defendant, S&H EXPRESS, herein for punitive damages together with interest and costs of suit and other remedies.

## EIGHTH COUNT

### (Strict Liability of Defendant, S&H EXPRESS)

39. Plaintiffs repeat the allegations of the General Allegations, First, Second, Third, Fourth, Fifth, Sixth and Seventh Count as if set forth herein.

40. Regardless of employment relationship, Defendant, S&H EXPRESS, is the registered owner of the USDOT number 318756 displayed on the commercial motor vehicle involved in the subject crash and is therefore responsible for the acts and omissions of the driver of the vehicle.

41. As a direct and proximate result of Defendant, S&H EXPRESS, acts or omissions aforesaid, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, have suffered severe and permanent bodily injuries for which they have obtained medical treatment and which have caused them great pain and suffering, incapacitated them from pursuing usual activities and left them with permanent disabilities that will in the future similarly incapacitate them, cause them pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demand judgment against Defendant, S&H EXPRESS, herein for damages in an amount sufficient to compensate them for their injuries together with interest and costs of suit and other remedies.

## NINTH COUNT

### (Fictitious Parties)

42. Plaintiff repeats the allegations of the General Allegations, First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Count as if set forth herein.

43. Defendants, JOHN DOE(S) 1-10, JANE DOE(S) 1-10, and ABC CORPORATION(S) 1-10, are fictitious names intended to represent additional persons or legal entities that have direct liability and/or vicarious liability for the injuries suffered by Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ.

44. As a direct and proximate result of the Defendants, JOHN DOE(S) 1-10, JANE DOE(S) 1-10, and ABC CORPORATION(S) 1-10, acts or omissions aforesaid, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, have suffered severe and permanent bodily injuries for which they have obtained medical treatment and which have caused them great pain and suffering, incapacitated them from pursuing usual activities and left them with permanent disabilities that will in the future similarly incapacitate them, cause them pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiffs, SANTIAGO FRANCISCO and EUFEMIA GOMEZ, demand judgment against Defendants, JOHN DOE(S) 1-10, JANE DOE(S) 1-10, and ABC CORPORATION(S) 1-10, herein for damages in an amount sufficient to compensate them for their injuries together with interest and costs of suit and other remedies.

## JURY DEMAND

**PLEASE TAKE NOTICE** that pursuant to R. 4:35-1, the Plaintiffs demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R. 4:25-4, Eugene S. Wishnic, Esquire, is hereby designated as trial counsel for the Plaintiff in the above-captioned litigation.

## NOTICE TO PRODUCE

Pursuant to R. 4:18-1, the Plaintiffs hereby demand that each Defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally please be advised that the following requests are ongoing and continuing in nature and each Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance affording coverage to the Defendants, including but not limited to primary insurance policies, secondary insurance policies and/or umbrella policies. As to each available policy, please provide the following information: (a) policy number; (b) name and address of issuer or insurer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation, records or reports, concerning the happening of the incident in question or the investigation of same, including but not limited to police reports, accident reports and/or incident reports.

3. <u>Color</u> duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions, or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all statements, documents, communications and/or transmissions, whether signed or unsigned, in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority, or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all reports on the Plaintiff received by the Defendants, or any other party to this suit, from either the Central Index Bureau (CIB) or from any other source.

8. Copies of any and all medical information and/or documentation concerning the Plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

9. Copies of any and all records of any type concerning the Plaintiff or the incident in question which have been subpoenaed by the Defendant or received from any other source.

10. Copies of cellular phone bills or any and all phones to which Defendant had access to on the date of the subject accident.

11. Copy of the entire property damage file maintained by each Defendant, their insurance companies and their respective counsel including but not limited to <u>color</u> photos and repair estimates for all vehicles involved in the subject accident.

12. Names and current addresses of the individual(s) who last inspected the Defendant's vehicle prior to the subject collision, whether by a governmental authority or by an agent, servant, and/or employee of this Defendant (e.g. daily inspections prior to operation).

13. Names and current addresses of all occupants to the Defendants' vehicle at the time of the subject collision.

14. If these Defendants contend that the Plaintiffs' injuries were caused by another incident or some other physical condition, disease or injury, set forth the nature of same and attach a copy of all written documents which are in the possession of the Defendant relating thereto.

15. If these Defendants intend to produce the testimony of any expert witnesses at Trial, including the treating physicians or persons who have conducted an examination pursuant to R. 4:19, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided to this Defendant by such witnesses and a summary of any oral reports.

16. If applicable, list any and all telephone numbers imprinted on the Defendants' vehicles which ask other drivers on the road to call regarding the manner in which Defendants' vehicle was being operated. Please provide copies of any logs that track the calls together with the callers' names and addresses, dates on which the calls were received, and the specific complaint/comment and specific driver to which each such call pertains.

## CERTIFICATION

I hereby certify that this matter is not the subject matter or any other suit presently pending in any other Court or in any American Arbitration proceeding.

WISHNIC & JERUSHALMY<br>
Attorneys for Plaintiff<br><br>
BY: _____<br>
EUGENE S. WISHNIC, ESQ.

**DATED:** March 20, 2019